IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BREAST CARE CENTER OF HAWAIʻI LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>FUJIFILM MEDICAL SYSTEMS U.S.A., INC.,<br><br>        Defendant. | CIVIL NO. 17-00443 JAO-WRP<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

Before the Court is Fujifilm Medical Systems U.S.A., Inc.'s ("Fujifilm") Motion for Reconsideration, ECF No. 71, filed May 30, 2019. Breast Care Center of Hawaiʻi LLC ("BCCH") timely opposed the Motion, ECF No. 72, and Fujifilm filed its reply, ECF No. 73, on June 27, 2019. The Court decides this matter without a hearing pursuant to Local Rule 7.2(e). For the reasons set forth below, the Court DENIES the Motion.

        **I.**        **BACKGROUND**

On May 16, 2019, the Court issued its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (the "Order"). ECF No. 70. In the Order, the Court granted Fujifilm's Motion for Summary Judgment on all of BCCH's claims but denied summary judgment on Fujifilm's breach of contract

counterclaim. *Id.* Fujifilm's counterclaim sought payment of the annual service fees as part of what the Order referred to as the "Service Agreement."[1] ECF No. 9-1. The Order held that a genuine dispute of fact existed "over whether Fujifilm breached the agreement by failing to properly perform its service obligations," Order at 30, and therefore denied Fujifilm's Motion for Summary Judgment on its counterclaim. *Id.* at 31.

Fujifilm's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) argues that because the Order determined that "BCCH committed the first material breach," Fujifilm's failure to perform service obligations after BCCH's material breach cannot excuse BCCH's breach. *Id.* at 2. Thus, Fujifilm argues that BCCH must pay the annual service fees regardless of whether Fujifilm performed its service obligations after the annual fees were due. *Id.* at 5.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) allows parties to file a motion to alter or amend judgment within 28 days after the entry of judgment and permits the court to reconsider and amend a previous order. Fed. R. Civ. P. 59(e). Rule 59(e) provides "an extraordinary remedy, to be used sparingly in the interests of finality

---

[1] Although the Court and the parties refer to various portions of the contract as seemingly distinct agreements, such as the "Conditions of Sale Agreement," the "Service Agreement" and the "End User Agreement," the Order noted that all were part of one contract. Order at 2 & n.1.

and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Motions for reconsideration must first "demonstrate some reason why the court should reconsider its prior decision" and second must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Na Mamo OʻahaʻIno v. Galiher*, 60 F.Supp.2d 1058, 1059 (D. Haw. 1999). The Ninth Circuit has identified four grounds justifying reconsideration under Rule 59(e):

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Here, Fujifilm argues the Court committed a manifest error of law. But Fujifilm cites to authority consistent with the Order's statement that a party "must establish that it performed its own obligations" to prevail on a breach of contract claim. Order at 31; ECF No. 71-1 at 4. And Fujifilm agrees that "a material breach by one party excuses the other party from further performance under the contract." ECF No. 71-1 (citing *Bischoff v. Cook*, 118 Haw. 154, 164 (Haw. App. 2008)); *see also Evergreen Eng'g Inc. v. Green Energy Team LLC*, 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012); *PR Pension Fund v. Nakada*, 8 Haw. App. 480,

491–93 (1991). There is thus no dispute over the controlling law. Rather, Fujifilm disputes the Order's application of the law to the facts in this case.

Fujifilm characterizes the Order as a "determination that BCCH committed the first material breach under the contract," *id.* at 2, and argues that the Court should have therefore concluded that Fujifilm's contractual obligations were excused, entitling Fujifilm to summary judgment on its breach of contract claim against BCCH regardless of whether Fujifilm performed. ECF No. 71-1 at 5. Specifically, Fujifilm states that "BCCH's failure and refusal to pay *any* of the annual fees under the [Service Agreement], which were due in *advance* of service, was a material antecedent breach that excused [Fujifilm's] own obligations under the contract." ECF No. 71-1 at 5.

Contrary to Fujifilm's assertion, the Order did not determine that BCCH committed the first material breach. *See* Order at 19 n.5, 30–31. The Order expressly found triable issues of fact about whether Fujifilm performed its "service obligations," which were required of Fujifilm *before* the Service Agreement took effect, and *before any service fees were due from BCCH. Id. Compare* ECF No. 43-11 at 11 ("[Fujifilm] shall provide [Maintenance Services] for a term of one year from the original date of Installation of the System.") *with* ECF No. 43-1 at 20 ("[S]ervice fees under the [Service Agreement] were . . . payable starting in May 2014"). Under the contract, Fujifilm was required to service, repair, or replace the

4

equipment during the warranty period. ECF No. 43-1 at 15–16, 19–20; ECF No. 43-11 at 11. BCCH presented evidence that Fujifilm breached its service obligations during the warranty period.[2] *See* Order at 30–31; ECF No. 63 ¶¶ 3–7; ECF No. 62-1 ¶¶ 4, 6, 7, 10, 11, 13. After the warranty period, the annual service fees were to extend Fujifilm's service obligations for an additional four years beginning in May 2014. *See* Order at 2; ECF No. 43-11 at 11; ECF No. 43-1 at 15–16, 19–20.

The Order did not determine that BCCH committed the first material breach. Because triable issues of fact exist about whether Fujifilm performed its service obligations under the contract, specifically during the warranty period prior to BCCH's non-payment of the annual service fees, BCCH maintains a defense to Fujifilm's breach of contract claim and Summary Judgment was properly denied.[3] Order at 19 n.5, 30–31.

---

[2] Although BCCH took contradictory positions on when Fujifilm committed its first breach, Order at 9–10, BCCH asserted in its opposition to Fujifilm's Motion for Summary Judgment that BCCH's payment obligations were excused by Fujifilm's "antecedent material breach" in failing to repair and maintain the equipment. ECF No. 62 at 11. Irrespective of whether BCCH asserted a breach of the warranty, BCCH can still rely on Fujifilm's breach of its service obligations during the warranty period to defend against Fujifilm's breach of contract claim.

[3] Because the Court determines that Fujifilm's Motion for Reconsideration must be denied on this basis, the Court does not address BCCH's argument that there is a triable issue about whether Fujifilm waived the annual service fees. ECF No. 72.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 18, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 17-00443 JAO-WRP, *BREAST CARE CENTER OF HAWAI'I, LLC V. FUJIFILM MEDICAL SYSTEMS U.S.A., INC.*,– ORDER DENYING FUJIFILM'S MOTION FOR RECONSIDERATION

6